Alan Richard KLEIN, an individual; Sheryll Klein, an individual, Plaintiffs–Appellants,

v.

UNITED STATES of America; David Los Angeles Anderberg, an individual, Defendants–Appellees.

No. 06–55510.

United States Court of Appeals, Ninth Circuit.

Dec. 9, 2010.

David G. Jones, Santiago, Rodnunsky & Jones, Woodland Hills, CA, for Plaintiffs–Appellants.

Jonathan B. Klinck, Julie Zatz, Office of the U.S. Attorney, Los Angeles, CA, Colette Maria Asel, Craig Hartsuyker Law Offices, Glendale, CA, for Defendants–Appellees.

Before: JOHN T. NOONAN, WILLIAM A. FLETCHER, and RONALD M. GOULD, Circuit Judges.

---

## ORDER

By order of July 30, 2008, we certified a question to the California Supreme Court concerning the scope of immunity from suit provided by California Civil Code § 846, California's recreational land use statute, namely whether that statute immunizes a landowner from liability for acts of vehicular negligence committed by the landowner's employee in the course and scope of his employment that caused personal injury to a recreational user of that land. By opinion dated July 26, 2010, the California Supreme Court answered our question, concluding that the liability shield of § 846 "does not extend to acts of vehicular negligence by a landowner or by the landowner's employee while acting within the course of the employment." *Klein v. United States*, 50 Cal.4th 68, 112 Cal.Rptr.3d 722, 235 P.3d 42, 44 (2010).

We issued a supplemental order to the parties, indicating our intention to remand and asking them whether our panel should address other issues presented on appeal at this time. In response, we received a Joint Motion to Remand to the District Court. Although the parties' joint motion asks us to specify the issues that the district court should address, we conclude it is more appropriate simply to remand to the district court for further proceedings consistent with the decision of the California Supreme Court in *Klein*, 112 Cal. Rptr.3d 722, 235 P.3d at 42. We understand that the parties do not now ask us to decide any issue before remand.

Accordingly, the parties' Joint Motion to Remand to the District Court is GRANTED IN PART and DENIED IN PART. We remand to the district court for further proceedings consistent with the decision of the California Supreme Court in *Klein*. Beyond that requirement of consistency with *Klein*, we do not otherwise restrict the issues before the district court.